**Sidney Bernard ROWLETT, Petitioner,**

v.

**Emmett W. FAIRFAX,[1] United States Marshal for Western Missouri, and Griffin Bell, Attorney General of the United States, Respondents.**

No. 77–0800–CV–W–2.

United States District Court,
W. D. Missouri, W. D.

March 1, 1978.

not preclude this action which seeks merely injunctive relief.

1. In the style of his *pro se* complaint, petitioner named "Emmett W. Fairfield, United States Marshal" as respondent. The Court has substituted the appropriate spelling pursuant to *Fed. R.Civ.P.* 21.

Sidney Bernard Rowlett, pro se.

Ronald S. Reed, Jr., U.S. Atty., Kenneth Josephson, Asst. U.S. Atty., Kansas City, Mo., for respondents.

## MEMORANDUM AND ORDER

COLLINSON, District Judge.

Petitioner, presently confined at the United States Penitentiary, Leavenworth, Kansas, has filed a *pro se* petition styled "Motion to Expunge Entry on F.B.I. 'Rap' Sheet." He asserts that he was arrested on July 9, 1951 on charges of "Interstate Transportation of Tools to be Used for Counterfeiting," and states that his F.B.I. record carries two entries based on this arrest. Rowlett contends that these charges were dismissed shortly after he was arrested, but alleges that the two entries still appear on his F.B.I. record, thereby affecting his status in prison. He seeks expungement of the two entries.

Both petitioner and respondents have filed motions for summary judgment. Petitioner's motion, styled as a motion for partial summary judgment, argues that entries may be made on an F.B.I. "Rap" Sheet "only upon a conviction of one year or more and then only upon [receipt] of a certified copy from the Court of jurisdiction." Respondents' motion argues that *Tarlton v.*

*Saxbe,* 165 U.S.App.D.C. 293, 507 F.2d 1116 (1974), which is cited by petitioner in support of his motion, no longer supports petitioner's position that he is entitled to expungement. *See Hammons v. Scott,* 423 F.Supp. 618 (N.D.Cal.1976). Both motions state that the facts of this case are undisputed.

▮ Before turning to the merits of petitioner's claim, it is necessary to dispose of one preliminary issue. Petitioner asks the Court to compel defendant Fairfax "to request the F.B.I. Identification Bureau . . . to return the fingerprints forwarded on July 9 & 16, 1951 . . . and said be expunged from [petitioner's F.B.I. rap sheet]." Because jurisdiction is based on 28 U.S.C. § 1361, venue is proper in this district because defendant Fairfax resides here, even though petitioner is confined in the District of Kansas. *Kahane v. Carlson,* 527 F.2d 492 (2nd Cir. 1975).

▮ Summary judgment, sought by each party to this case, is an extreme remedy "which is not to be entered unless the movant has established his right to a judgment such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances." *Percival v. General Motors Corp.,* 539 F.2d 1126 (8th Cir. 1976); *Windsor v. Bethesda General Hospital,* 523 F.2d 891 (8th Cir. 1975). For a party to be entitled to a summary judgment, there must be no genuine issue as to any material fact, and movant must be entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

▮ This case is wholly appropriate for disposition by summary judgment. The parties concede that there are no issues of fact in this case, and the record supports their conclusion. Petitioner does not challenge the legality of the 1951 arrests; he simply asserts that they may not be maintained on his "rap" sheet as a matter of law. Respondents assert that inclusion of these arrests is proper under appropriate law. Resolution of this issue by summary judgment is entirely proper.

Under 28 U.S.C. § 534, the Attorney General is authorized to

acquire, collect, classify, and preserve identification, criminal identification, crime and other records . . . .

An implementing regulation, 28 C.F.R. § 0.85, delegates this authority to the Director of the F.B.I. The term "identification . . . records" is discussed in 28 C.F.R. § 16.31:

The identification records includes [sic] the name of the agency or institution which submitted the fingerprints to the FBI. If the fingerprints submitted . . concern a criminal offense, the identification record includes the date arrested or received, arrest charge information and disposition data if known to the FBI. All such data included in an identification record are obtained from contributing local, state and federal agencies.

A similar definition may be found in 42 U.S.C. § 3781(o). Title 18 U.S.C. § 3578(b) provides for the compilation of records of federal criminal convictions:

Upon the conviction . . . of a defendant in [a federal court] for an offense punishable in such court by death or imprisonment in excess of one year . . , the Court shall cause a certified record of the conviction to be made to the repository containing such information as the Attorney General of the United States shall by regulation prescribe.

Petitioner asserts that § 3578(b) allows the Attorney General and the F.B.I. to compile criminal records only upon conviction for an offense described in that section. The provisions of 28 U.S.C. § 354 belie this claim. That section specifically gives the Attorney General the power to compile arrest records, even if the disposition of the arrest is wholly unknown to the F.B.I. The provisions of 18 U.S.C. § 3578, which provide for separate compilation of conviction records, do not limit the Attorney General's power under § 534 to collect "criminal identification records," including the fingerprint records in question in this case.

For petitioner to succeed in spite of the express authority conferred by § 534, the respondents must owe him some constitutional duty to insure the accuracy or completeness of their records. Petitioner finds such a duty in *Tarlton v. Saxbe,* 165 U.S. App.D.C. 293, 507 F.2d 1116 (1974). In *Tarlton,* the District of Columbia Circuit found that the F.B.I. had some obligation to insure that its criminal records were accurate. This duty, which was never fully explained in the *Tarlton* opinion, apparently rested upon constitutional notions of due process and privacy.

*Tarlton* was poorly received by other Federal Courts. In *Crow v. Kelley,* 512 F.2d 752 (1975), the Eighth Circuit affirmed this Court's denial of a state prisoner's request for expungement of all "false, illegal and unconstitutional information" in his F.B.I. file. The panel found no basis for applying *Tarlton* to the facts in *Crow. Id.* at 754. *Hammons v. Scott,* 423 F.Supp. 625, 627 (N.D.Cal.1976) (federal defendants), found that

the Supreme Court in *Paul v. Davis,* [424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)], seems to have cut short the full development of the nascent doctrines seeking some accommodation between values of individual privacy and the record-keeping responsibilities of the executive branch.

*Paul* involved a challenge to publication of a police pamphlet containing names and photographs of "active shoplifters." Davis, who had never been convicted of a crime and whose only brush with police was an arrest on shoplifting charges, was included in the pamphlet. The Supreme Court held that distribution of the pamphlet involved no infringement on Davis' constitutionally protected rights, and that the claimed injuries to Davis' reputation involved neither a liberty or property interest protected by due process. *Paul v. Davis,* 424 U.S. 693, 705–07, 711–14, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). The Court also rejected a claim that distribution of the pamphlet infringed upon a constitutional right to privacy. *Id.* at 711–14, 96 S.Ct. 1155.

This Court agrees with the comment in *Hammons* that *Paul* "snuffed out the short

life of [*Tarlton v. Saxbe, supra*]." *Hammons v. Scott,* 423 F.Supp. 618, 619 (N.D. Cal.1976) (state defendants).

Although the facts in *Paul* are distinguishable from the case at bar, plaintiff's efforts to escape the controlling force of *Paul* are unavailing. If the Supreme Court failed to recognize a constitutional claim in the aggravated circumstances present in *Paul,* this Court cannot see how the same constitutional rights could be implicated by the practices challenged herein. The Court notes in this regard that the *Paul* decision was expressly made applicable to claims against federal officials as well as those acting under the color of state law.

*Hammons v. Scott,* 423 F.Supp. 625, 628 (N.D.Cal.1976) (federal defendants). The reasoning of the foregoing passage in *Hammons* is equally applicable to this case. Accordingly, the Court finds that petitioner has no interest, constitutional or statutory, that will support expungement of the challenged entries on his "rap" sheet. Respondents are entitled to summary judgment.

For the reasons stated above, it is

ORDERED (1) that petitioner's motion for partial summary judgment should be and it is hereby denied. It is further

ORDERED (2) that respondents' motion for summary judgment should be and it is hereby granted. It is further

ORDERED (3) that the Clerk's Office of this Court should be and it is hereby directed to enter judgment for respondents and against petitioner. Costs shall be assessed against petitioner.