**PIC–WALSH FREIGHT COMPANY, et al., Plaintiffs-Appellants,**

v.

**James COOPER, et al., Defendants-Respondents.**

No. 41697.

Missouri Court of Appeals, Eastern District, Division Two.

June 2, 1981.

Gerald Tockman, Charles W. Ahner, Jr., St. Louis, for plaintiffs-appellants.

Edwin P. Harrison, Clayton, Raymond R. Baca, Washington, D. C., Gretchen D. Huston, Equal Employment Opportunity Comm., St. Louis, for defendants-respondents.

STEPHAN, Judge.

This is an appeal from an order of the circuit court dismissing plaintiffs' petition for failure to state a claim upon which relief could be granted. Plaintiffs appeal.

On May 1, 1975[1] defendants James Cooper, Edward Beine, Ivy Starks, Lawrence A. Berg, Dennis Fahey, Galen Beach, Robert Holtgrave and Raymond Pezold[2] filed suit against plaintiffs Pic-Walsh Freight Company (Pic-Walsh), Illinois Motor Express (IMX), Julius Blumoff and Ivan Blumoff (as well as the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Local # 600 of that union, neither of which are parties in the present case) in the United States District Court for the Eastern District of Missouri. They alleged breach of a collective bargaining agreement by their employers, Pic-Walsh and IMX, and unfair representation by their union pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The resolution of that lawsuit, together with the filing of a

---

1. Cooper's motion to dismiss the present action alleges that the federal litigation was initiated on May 6, 1975.

2. Defendants will be collectively referred to as Cooper-Beine. Individual defendant Cooper will be identified as Cooper.

charge of discrimination against Pic-Walsh and IMX by Cooper with the Equal Employment Opportunity Commission (EEOC) spawned the present case.

Pic-Walsh and IMX are corporate interstate motor carriers. Julius Blumoff owned forty percent of Pic-Walsh; Ivan Blumoff owned an undetermined interest in IMX. Cooper-Beine were employed as city drivers by IMX.

On June 10, 1975, Pic-Walsh, IMX and the Blumoffs filed their motion to dismiss for failure to state a claim upon which relief can be granted. No copy of that motion is presented in the record on appeal. The motion was denied on June 17, 1975. Sometime after this denial, these same parties filed a motion for summary judgment. No copy exists in the record on appeal. On December 22, 1976, this motion was denied in a memorandum finding that many genuine issues of material facts existed.

In the interim Pic-Walsh, IMX, and the Blumoffs also filed counterclaims in the federal case against Cooper alleging malicious prosecution. On January 23, 1976, the court entered an order dismissing without prejudice these counterclaims. The order incorporated a memorandum stating that the Cooper-Beine counterclaims were premature and were dismissed without prejudice to refiling when and if they matured. The Cooper counterclaims, though timely, were dismissed for failure to state a claim. The court noted that allowing claims in the nature of malicious prosecution would violate the policy against employer retaliation for employees for filing complaints with the EEOC proscribed in 42 U.S.C. § 2000e–3(a).

Finally, on August 17, 1977, the district court entered judgment in favor of all defendants and against plaintiffs. Findings of fact and conclusions of law were issued. The court determined that the record was devoid of any substantial evidence showing involvement by the international union, breach of the local union's duty to represent Cooper-Beine, or breach of the companies' collective bargaining agreement. The present lawsuit was instituted by Pic-Walsh, IMX, and the Blumoffs fifteen months later.

■ The plaintiffs' petition in four counts sought recovery for malicious prosecution against Cooper-Beine in Count I and for abuse of process in Count II stemming from the federal litigation. Plaintiff IMX sued Cooper for abuse of process in Count III, and plaintiff Pic-Walsh sued Cooper for malicious prosecution arising from the filing of an EEOC charge against it by Cooper in Count IV. Cooper filed a motion to dismiss Counts III and IV. Cooper-Beine also filed a motion to dismiss.[3] These motions were granted and plaintiffs appealed.

■ Plaintiffs first contend the trial court erred in granting defendants' motion to dismiss Count I. The motion alleged that the action of the federal district court in denying defendants' motion to dismiss and motion for summary judgment established probable cause for the filing of the federal lawsuit. Because the existence of probable cause defeats a subsequent action for malicious prosecution, defendants claimed to be entitled to dismissal as a matter of law.[4] Plaintiffs argue that the action of the federal district court in denying the motions did not establish probable cause. We agree.

Defendants Cooper and Cooper-Beine filed a motion to dismiss the present litiga-

---

3. We note that the court's order reads "Defendant's Motion to dismiss is sustained." Individual defendant Cooper filed one motion to dismiss and several defendants Cooper-Beine filed a second motion. The court's order seemingly refers only to individual defendant Cooper's motion. Presumably the court meant to sustain *defendants'*, not *defendant's*, motion to dismiss, since it dismissed the entire cause with prejudice.

4. The elements of a cause of action for malicious prosecution are (1) the commencement of a prosecution against the present plaintiff(s); (2) its legal causation by the present defendant(s); (3) its termination in favor of the present plaintiff(s); (4) the absence of probable cause for such proceeding; (5) the presence of malice, and (6) damage to the plaintiff(s) by reason thereof. *Stafford v. Muster*, 582 S.W.2d 670, 675 (Mo. banc 1979).

tion in our state court, which was granted.[5] Nevertheless, because matters outside the pleadings were presented in the form of exhibits, considered and not excluded by the trial court, the motion to dismiss should have been treated as a motion for summary judgment, Rules 55.27 and 74.04, and will be treated accordingly on review.[6] Thus, this court must determine whether there is a genuine issue of material fact to be tried or whether movant has shown himself by unassailable proof to be entitled to judgment as a matter of law. *City of Kirkwood v. City of Sunset Hills,* 589 S.W.2d 31, 34 (Mo. App.1979).

The issue to be determined is whether the denial of defendants' motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6),[7] and the denial of the motion for summary judgment, Federal Rule 56(b), constituted a ruling by the federal district court that probable cause existed for the instigation of the federal litigation.

A motion to dismiss challenges the sufficiency of the complaint. In examining the complaint the court accepts as true the allegations of the complaint. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir. 1976). The test for evaluating the sufficiency of the complaint is whether or not complainant has alleged any set of facts that, if proven at trial, would entitle him to any relief, *Garner v. Pearson,* 374 F.Supp. 591, 593[3] (M.D.Fla.1974), whether or not prayed for. *Dederick v. North American Co.,* 48 F.Supp. 410, 412[1] (S.D.N.Y.1943). Denial of the motion means that the complaint states facts that, if proven, would entitle complainant to relief. Denial of the motion is not an indication that complainant will ultimately prevail on the merits, but simply allows him to offer evidence to support his claim. See *Scheuer v. Rhodes,* 416 U.S. 232, 236, 250, 94 S.Ct. 1683, 1686, 1693, 40 L.Ed.2d 90, 96, 105 (1974); *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293[6] (5th Cir. 1977).

A motion for summary judgment can be granted in the federal district court for the same reasons that it can be granted in our state's circuit court, i. e., when there is no genuine issue of material fact so that movant is entitled to judgment as a matter of law. *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202, 204[1] (10th Cir. 1977); *Rowlett v. Fairfax,* 446 F.Supp. 186, 187[2] (W.D.Mo.1978). The existence of disputed material facts prevents granting the motion even when the court is convinced that the party opposing the motion will not prevail at trial. *Hughes v. American Jawa, Ltd.,* 529 F.2d 21, 25[2] (8th Cir. 1976). The court ascertains whether a triable factual issue exists but does not resolve any issue that it finds. *Weiss v. Kay Jewelry Stores, Inc.,* 470 F.2d 1259, 1261–1262[1] (D.C.Cir.1972); *Burgert v. Union Pacific Railroad Co.,* 240 F.2d 207, 210[2] (8th Cir. 1957). Thus, denial of the motion does not even tentatively decide the merits of the claim and simply means that the case should go to trial. *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.,* 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23, 25 (1966).

Thus, neither the denial of the motion to dismiss nor the denial of the motion for summary judgment in the prior federal litigation served as an adjudication on the merits. This fact is critical because defendants seem to believe[8] that the denials of these motions were an indication by the federal district court that their federal claim had merit. They argue that, if their claim had merit, then they had probable cause to file it initially.

---

5. The trial court stated no reasons for its action, so this court must assume that it was for the reasons alleged in the motion to dismiss. *Bliven v. Brunswick Corp.,* 575 S.W.2d 788, 790 (Mo.App.1978); *Vorbeck v. McNeal,* 560 S.W.2d 245, 249[1] (Mo.App.1977).

6. Our ruling on this procedural matter disposes of plaintiffs' second point wherein they contend that defendants' motion to dismiss should have been treated as a motion for summary judgment.

7. Hereinafter the Federal Rules of Civil Procedure will be cited by number as "Federal Rule."

8. Defendants did not file a respondents' brief so we are not favored with the benefit of their argument on appeal.

The Missouri Supreme Court en banc recently defined probable cause in *Haswell v. Liberty Mutual Ins. Co.*, 557 S.W.2d 628, 633 (Mo. banc 1977):

"... probable cause for initiating a civil action consists of a believe in the facts alleged, based on sufficient circumstances to reasonably induce such believe by a person of ordinary prudence in the same situation, plus a reasonable belief by such person that under such facts the claim may be valid under the applicable law."

The action of the federal district court in denying the motions provided no basis for the state trial court to decide if plaintiffs in the federal litigation had a belief in the facts alleged in their petition, nor to decide if they had a reasonable belief that their claim based on those facts was valid under the law. What a litigant does or does not believe is an evidentiary question and, therefore, cannot be resolved on the basis of pre-trial motions such as those considered here. These motions do not place in issue a plaintiff's state of mind toward his claim or toward his allegations of fact. As noted above, denial of these motions merely means that a claim has been properly stated and that the claim raises a genuine issue of fact requiring a trial. Thus, the federal court, by denying the motions in the case in question, did not rule on the issue of probable cause. The question of whether or not Cooper or Cooper-Beine had probable cause to sue remains unanswered and presents a genuine issue of material fact precluding entry of summary judgment by the trial court in their favor.

■ Plaintiffs also contend that the trial court erred in granting defendants' motion to dismiss Count II because Count II alleged a cause of action for abuse of process and lack of probable cause is not an element of abuse of process. On this point, too, we agree with plaintiffs.

■ The elements of an action for abuse of process are: (1) defendant made an ille-gal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) defendant had an improper purpose or ulterior motive in exercising such illegal, perverted or improper use of process; and (3) damage resulted. *Stafford v. Muster*, 582 S.W.2d 670, 678 (Mo. banc 1979); *National Motor Club of Missouri, Inc. v. Noe*, 475 S.W.2d 16, 24 (Mo.1972). Lack of probable cause is not an element. Consequently, it is unnecessary for the plaintiffs to allege that process was obtained without probable cause or that process was obtained in a proceeding begun without probable cause. *Moffett v. Commerce Trust Co.*, 283 S.W.2d 591, 599[11] (Mo. 1955). Where defendants' motion to dismiss (treated here as a motion for summary judgment) was based solely on the matter of probable cause and where we must assume the trial court dismissed on that basis, *Vorbeck v. McNeal*, supra, the court erred in dismissing Count II.

■ Plaintiffs' final contention is that the trial court erred in finding that Counts III and IV of their petition were barred by the doctrine of res judicata. Count III was an action by IMX against Cooper for abuse of process. Count IV was an action by Pic-Walsh against Cooper for malicious prosecution. Cooper's motion to dismiss alleged that the issues raised in Counts III and IV were res judicata because they were the same issues raised and dismissed in plaintiffs' counterclaims in federal court.[9] We note, again, that where the trial court stated no reasons for its actions, this court must assume it acted for the reasons propounded in the motion to dismiss. *Vorbeck v. McNeal*, supra.

■ The federal district court entered its order dismissing without prejudice the counterclaims of Pic-Walsh and IMX, which counterclaims were based on the EEOC charge filed by Cooper against them. The order incorporated by reference a memorandum signed by the court from which we quote.

---

9. The record on appeal does not contain the counterclaims. This omission prevents this court from determining if, indeed, the same issues were raised. We rely on the memoran-dum of the district court contained in the record on appeal which cursorily explains the basis of the counterclaims.

"Defendants Pic-Walsh and IMX have brought additional counterclaims against plaintiff [here defendant] Cooper for malicious prosecution based on his institution and prosecution of complaints before the Equal Employment Opportunity Commission pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq."

The federal court then indicated that the counterclaims must be dismissed for failure to state a claim because, as a policy matter, suits for malicious prosecution following the filing of a Title VII complaint would undermine the protection provided to employees. In other words, the claim was barred because it was against public policy. Moreover, as to IMX, the court found that IMX could not state a claim for malicious prosecution because it could not allege a necessary element of the action, namely, termination of the action in its favor, since IMX was a party to a Conciliation Agreement. The order of the federal district court and its accompanying memorandum are inconsistent. Although we noted earlier that *denial* of a motion to dismiss for failure to state a claim is not an adjudication on the merits, *granting* such motion is a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding. *Glick v. Ballentine Produce, Inc.,* 397 F.2d 590, 593[4] (8th Cir. 1968). The order dismisses without prejudice the counterclaims of Pic-Walsh and IMX, yet the memorandum states that the counterclaims were dismissed for failure to state a claim. The former does not bar further proceedings; the latter bars subsequent litigation. The parties do not address this discrepancy. The Equal Employment Opportunity Commission was granted leave by this court to file a brief as amicus curiae, and its brief raises but does not answer the problem of this inconsistency.[10]

■ In any event, the federal counterclaims of Pic-Walsh and IMX evidently raised the issue of malicious prosecution. Because Count III here is an action for abuse of process by IMX against Cooper and not an action for malicious prosecution, res judicata does not apply to Count III.

■ As to Count IV, the federal court dismissed Pic-Walsh's counterclaim because there was no possible basis upon which Pic-Walsh could allege a cause of action. This determination was made on the merits. See *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (1946); *Brennan v. Rhodes,* 423 F.2d 706 (6th Cir. 1970); *Ceravolo & Comis, Inc. v. United States,* 266 F.Supp. 215, 217–218[1] (N.D.N.Y.1967); *Gaito v. Strauss,* 249 F.Supp. 923, 934[12] (W.D.Pa.1966). Motions filed under Federal Rule 12(b)(1–5) and (7) deal with procedural defects, so that the party filing them is not barred from bringing another lawsuit based on the same cause of action. Motions filed under Federal Rule 12(b)(6), however, require a ruling on the merits. *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891[2] (3rd Cir. 1977); *Hubicki v. ACF Industries, Inc.,* 484 F.2d 519, 523[5] (3rd Cir. 1973); *Durham v. Mason and Dixon Lines, Inc.,* 404 F.2d 864, 865[1] (6th Cir. 1968). Therefore, because the dismissal of Pic-Walsh's counterclaims was made on the merits under Federal Rule 12(b)(6), res judicata applies to Count IV. *Rhodes v. Jones,* 351 F.2d 884, 887[4] (8th Cir. 1965). The trial court properly dismissed that count.

Judgment is affirmed as to Count IV and reversed as to Counts I, II and III.

GUNN, P. J., and PUDLOWSKI, J., concur.

---

10. The Equal Employment Opportunity Commission suggests correction of the order pursuant to Federal Rule 60(a). However, the rule cannot apply here because motion for correction must be made within one year of judgment. That time expired on January 22, 1977.