Timothy Joseph CALLAHAN,
Plaintiff-Appellant,

v.

BOARD OF PROBATION AND
PAROLE, Dick Moore, et al.,
Defendants-Respondents.

No. WD 38157.

Missouri Court of Appeals,
Western District.

Dec. 2, 1986.

Timothy Joseph Callahan, pro se.

Before CLARK, C.J., and SHANGLER
and NUGENT, JJ.

NUGENT, Judge.

Timothy Joseph Callahan appeals pro se the granting of summary judgment in favor the Board of Probation and Parole and its former chairman, Dick Moore, hereinafter "the Board." Affirmed.

Plaintiff Callahan, an inmate, requested copies of certain letters contained in his parole file from the Board of Probation and Parole. Because the request was not honored, he filed a "suit for discovery" in which he sought to compel the Board to produce the letters. A statement in defendants' motion to dismiss apparently prompted Callahan to conclude that his probation file contained adverse material not disclosed to him. In response, he filed a second lawsuit against the Board under 42 U.S.C. § 1983. In the second lawsuit, he sought money damages for alleged deprivation of constitutional rights based on the Board's failure to provide the information.

The trial court dismissed the first lawsuit with prejudice for failure to state a claim. The court sustained the Board's motion for summary judgment in the second lawsuit on the basis of res judicata.

Appellant Callahan argues that the trial court erred in granting the Board's motion for summary judgment in his second lawsuit.

Collateral estoppel is an aspect or refinement of the general rule of res judicata. *In re Estate of Laspy,* 409 S.W.2d 725, 736 (Mo.App.1966). Res judicata precludes the same parties from relitigating the same cause of action, while collateral estoppel precludes the same parties from relitigating issues previously adjudicated. *Nelson v. Missouri Division of Family Services,* 688 S.W.2d 28, 30 (Mo.App.1985).

To determine whether to apply collateral estoppel, a court should consider the following criteria: 1) whether the issue decided in the prior adjudication was identical with the issues presented in the present action; 2) whether the prior adjudication resulted in judgment on the merits; 3)

whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Bi-State Development Agency v. Whelan Security Company,* 679 S.W.2d 332, 335 (Mo.App.1984). We find those four criteria present in this case.

Here, both lawsuits present the identical issue: whether the Board was required to provide inmate Callahan with information from his parole file. He admits that both lawsuits arose from the same subject matter, and he bases both actions on the same case law. The essential difference between the two lawsuits was the requested relief: in the first, he sought production of information from his parole file; in the second, he sought money damages for failure to produce that information. Resolution of both actions depends upon determining his right of access to his parole file.

The first lawsuit resulted in an adjudication on the merits. The trial judge dismissed that action for failure to present a claim. Defendants' motions to dismiss provide the reasons for the dismissal. *Pic-Walsh Freight Company v. Cooper,* 618 S.W.2d 449, 453 (Mo.App.1981). The Board noted that Callahan principally relied upon *Williams v. Missouri Board of Probation and Parole,* 661 F.2d 697 (8th Cir.1981). *Williams* held that the Missouri parole statutes then in effect created a liberty interest under the due process clause, requiring that prisoners be advised of adverse information contained in their parole files. In response, the Board pointed out that upon remand in 1982 the United States District Court dismissed the *Williams* case as moot because Missouri's amended parole statutes no longer implicate the due process clause.

The Board further noted additional reasons supporting dismissal: plaintiff, as member of the class action in *Williams,* was bound by that judgment; § 217.715, R.S.Mo.Cum.Supp.1984, explicitly precludes disclosure of parole records; plaintiff knew about the information that he requested; the Board, as an agency of the state, is immune from suit.

Clearly, the trial court had substantive, as opposed to technical, grounds to support it's dismissal. *See Bi-State Development Agency,* 679 S.W.2d at 336. In dismissing the first action, the trial court determined that the Board was not required to provide Callahan with the requested information from his parole file. Dismissal for failure to state a claim constitutes a final judgment on the merits. *Pic-Walsh Freight Company,* 618 S.W.2d at 454.

The two actions involved identical parties. In both lawsuits, Timothy Joseph Callahan was the plaintiff and "Board of Probation and Parole, Dick Moore, et al." were the defendants.

To determine whether plaintiff had a fair opportunity to litigate the issue in his first lawsuit, we must consider the following factors: (a) whether the person against whom estoppel is asserted had a strong interest to litigate the first action; (b) whether the second forum may afford the party against whom estoppel is asserted procedural opportunities not available in the first action; (c) whether the prior judgment, upon which estoppel is based, may be inconsistent with one or more prior judgments; and (d) whether the forum in the first action may have been substantially inconvenient to the party against whom estoppel is asserted. *Bi-State Development Agency,* 679 S.W.2d at 336–337.

Applying those factors to the instant matter, we hold that plaintiff had a full and fair opportunity to litigate his first lawsuit. As plaintiff, he was highly motivated to pursue his claim. He actively participated in the proceedings by twice amending his petition, filing numerous motions in his own behalf, and submitting suggestions in opposition to the defendants' motions to dismiss. The actions were filed with the same court and were entertained by the same trial judge. No prior inconsistent judgments are apparent from the record.

We conclude that the doctrine of collateral estoppel precluded appellant from maintaining his second lawsuit. Summary judgment is appropriate when an action contains no genuine issue as to any materi-

al fact and a party is entitled to a judgment as a matter of law. Rule 74.04(c).

Because the trial court's granting of defendants' motion for summary judgment is sustainable on the theory of collateral estoppel, we affirm. *McCready v. Southard,* 671 S.W.2d 385, 387 (Mo.App.1984).

All concur.