972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Louis GREENLAW, Appellant,
v.
Leland SMITH; Tom Skinner; Cranston Mitchell; Wilbur C.
Kirchner; Victoria Myers; Bill Duncan; Betty
Day, Missouri State Probation and Parole
Board, Appellees.
 No. 92-1452EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1992.
Filed: August 21, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Louis Greenlaw, a Missouri prisoner, appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint. We affirm in part, and vacate and remand in part.
 
 
 2
 Greenlaw commenced this action against Leland Smith, his former parole officer; Tom Skinner, assistant parole supervisor for the Missouri Department of Corrections and Human Resources; Cranston J. Mitchell, chair of the Missouri Board of Probation and Parole; and board members Wilbur C. Kirchner, Victoria C. Meyers, Bill E. Duncan, and Betty Day. Greenlaw alleged that the defendants violated his due process rights in his parole revocation proceedings by (1) refusing his request to receive, before the hearing, a copy of the police report that formed the basis for the revocation; (2) denying his request to have counsel present at the hearing; and (3) depriving him of his right to cross-examine the arresting officer or the alleged victim. Greenlaw requested a declaratory judgment, injunctive relief, and damages.
 
 
 3
 Defendants moved to stay the section 1983 action because Greenlaw had a state habeas corpus action pending in which he had asserted the same claims. The district court granted the stay pending resolution of the state court action, and ordered the parties to report on the status of the state case by May 14, 1991. Greenlaw responded as ordered, indicating that he had exhausted all available state remedies.
 
 
 4
 The district court lifted the stay, and defendants moved to dismiss the complaint on collateral estoppel grounds. Greenlaw argued that he had not had a full and fair opportunity to litigate his claims in state court because he had not been granted an evidentiary hearing. The district court granted the motion to dismiss. On appeal, Greenlaw concedes that his state habeas action raised the same issues, but argues that the prior adjudication did not constitute a judgment on the merits and that he did not have a full and fair opportunity to litigate his claims.
 
 
 5
 Issues litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent section 1983 suit as they have in the courts in that state. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984). "[W]hen an inmate has exhausted state post-conviction remedies, the state proceedings must be given collateral estoppel effect in a subsequent § 1983 damage action, even though collateral estoppel would not apply in a subsequent federal habeas corpus proceeding." Gross v. Heikien, 957 F.2d 531, 533 (8th Cir.), petition for cert. filed, No. 91-5135 (July 6, 1992). Collateral estoppel precludes relitigation of issues decided in a prior case if (1) the issue decided in the prior adjudication was identical to the issue in the present case; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. Duncan v. Clements, 744 F.2d 48, 51 (8th Cir. 1984) (applying Missouri law).
 
 
 6
 Contrary to Greenlaw's first contention, Missouri law recognizes a dismissal for failure to state a claim as a final judgment on the merits for purposes of collateral estoppel. See Callahan v. Board of Probation & Parole, 720 S.W.2d 445, 446 (Mo. Ct. App. 1986); Pennyrich, Inc. v. Lawton-Byrne-Bruner Ins. Agency, 613 S.W.2d 473, 474 (Mo. Ct. App. 1981). Greenlaw's second contention, that he did not have a full and fair opportunity to litigate his claims, is also meritless. As the petitioner in the state habeas action, Greenlaw had a strong interest in the case, and the docket sheet from the Cole County Circuit Court indicates that he actively pursued it. He filed a response to the State's answer, a motion to amend his petition, and a lengthy response to the State's motion to dismiss. Moreover, after the state trial court dismissed his petition, Greenlaw obtained review of the petition from the state appeals court. Greenlaw does not contend that the federal forum presents procedural opportunities not available in Missouri courts, that the denial of his habeas petition was inconsistent with a prior judgment, or that the forum in the state case was inconvenient. See Callahan, 720 S.W.2d at 446 (listing factors Missouri courts consider to determine whether party had full and fair opportunity to litigate issue in previous case for collateral estoppel purposes). Accordingly, the district court correctly concluded that Greenlaw's damages claim was barred by the doctrine of collateral estoppel.
 
 
 7
 Greenlaw also sought injunctive relief and a declaratory judgment. We construe this portion of Greenlaw's complaint as an attack on the legality of his current confinement for which his "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 F.2d 475, 500 (1973). Collateral estoppel is no bar to a federal habeas action. See Gross, 957 F.2d at 533. Moreover, the record indicates that Greenlaw's allegations, if proven, could establish a due process violation in the parole revocation proceeding under Morrissey v. Brewer, 408 U.S. 471, 485-89 (1972). We therefore vacate the district court's judgment on this portion of the complaint and remand the case to the district court. On remand, the district could shall construe this portion of the complaint as a petition for a writ of habeas corpus, appoint counsel to assist Greenlaw, and grant counsel leave to file an amended petition, which, among other things, names the proper defendant. See 28 U.S.C. § 2242.
 
 
 8
 Accordingly, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.