**Gary OFFET, for himself and all others similarly situated, Appellant,**

v.

**Herman SOLEM, Robert Hansen, Greg Lanners, Brian Curtin, Henry Van Burkum, Val Stokke, Phil Davenport, Dennis Northdurth, Lloyd Stivers, George Milous, Dan Jacobson, Tom Sonnenfeld, and the past and present members of the South Dakota Board of Charities and Corrections, all sued in their individual and official capacities, Appellees.**

No. 86–5209.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1987.

Decided July 13, 1987.

A. Thomas Pokela, Sioux Falls, S.D., for appellant.

John W. Bastian, Pierre, S.D., for appellees.

Before ARNOLD, FAGG, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Gary Offet appeals pro se from a decision of the District Court dismissing his complaint. We affirm.

Offet is an inmate at the South Dakota State Penitentiary. He was convicted in November 1979 of first degree robbery and obstruction of justice, and was sentenced to consecutive terms of nine and three years, respectively. At that time, S.D. Codified Laws Ann. § 24–5–1 (1979) provided that, subject to the provisions of S.D. Codified Laws Ann. §§ 24–2–17 and 24–2–18 (1979), every convict sentenced for less than a life term was entitled to a deduction from his sentence of a certain number of months for each year served. Sections 24–2–17 and 24–2–18 provided that the warden could recommend full or partial reduction of time for good conduct (good time credit) based on an inmate's record of disciplinary infractions. These statutes remain in effect in essentially the same form.

In 1981, the South Dakota legislature amended the forfeiture provision. S.D. Codified Laws Ann. § 24–2–12 (Supp.1986) now provides that every prisoner receiving punitive confinement for violation of the penitentiary's rules, regulations or policies automatically forfeits one day of good time for each day served under punitive confinement. Offet brought an action under 42 U.S.C. § 1983 on the ground that, as applied to him, § 24–2–12 is an ex post facto law. Offet alleges that the statute was applied against him to withhold 270 days of good time credit. He seeks compensatory and punitive damages as well as declaratory relief and an injunction prohibiting the prison from withholding his good time credits and ordering the prison to restore credits forfeited.

The District Court held that Offet failed to state a cognizable claim under 42 U.S.C. § 1983, and that the action must be construed as a petition for a writ of habeas corpus. Because Offet's ex post facto claim had not been litigated in state court, the District Court dismissed the action without prejudice.

To the extent that Offet directly is attacking the length of his confinement and is seeking restoration of his good time credits, the District Court was correct in finding that the appropriate vehicle for asserting these claims would have been a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which requires exhaustion of state remedies. *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The requirement of exhaustion in such cases has its roots in federalism and in the need both "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors" and to show "a proper respect for state functions." *Id.* at 490, 491, 93 S.Ct. at 1836, 1837 (quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971)). However, Offet is also seeking declaratory relief and damages. In so doing, he mounts an indirect attack on the length of his state confinement, but one that directly implicates the policies of federal-state comity requiring exhaustion in a direct attack.

This case requires us to explore the " 'ambiguous borderland' " between habeas corpus and section 1983." *McKinnis v.*

*Mosely,* 693 F.2d 1054, 1056 (11th Cir.1982) (per curiam) (quoting M. Bator, P. Mishkin, D. Shapiro and H. Wechsler, *Hart and, Wechsler's The Federal Courts and the Federal System* 415 (Supp.1981)). Our adjudication of the constitutional issue in Offet's claim for damages and declaratory relief under § 1983 could be used as a basis for issue preclusion in a subsequent habeas proceeding in state court. *See Dunham v. First National Bank,* 260 N.W.2d 375, 379 (S.D.1977) (prior federal ruling collaterally estops state court from adjudicating same issue); *see also Americana Fabrics, Inc. v. L & L Textiles, Inc.,* 754 F.2d 1524, 1529 (9th Cir.1985). The effect of such an indirect proceeding would be exactly the same as one directly seeking restoration of the good time credits. In both cases, premature adjudication by a federal court would deprive a state court system of the first opportunity to address the merits of the underlying constitutional issue.

Our Court has not been consistent in either applying or not applying the exhaustion requirement to such an indirect attack on the length of a state prisoner's confinement. *Compare White v. Bloom,* 621 F.2d 276 (8th Cir.1980), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980) *and cert. denied,* 449 U.S. 1089, 101 S.Ct. 882, 66 L.Ed.2d 816 (1981) *and Kelsey v. State of Minnesota,* 565 F.2d 503 (8th Cir. 1977) (permitting adjudication of damages

claims) *with Miner v. Brackney,* 719 F.2d 954 (8th Cir.1983), *cert. denied,* 467 U.S. 1259, 104 S.Ct. 3554, 82 L.Ed.2d 856 (1984) *and Franklin v. Webb,* 653 F.2d 362 (8th Cir.1981) (requiring exhaustion of state proceedings before adjudicating damages claims).[1] Accordingly, we approach this case as one in which our decision will establish the rule for this Circuit. Because a prisoner who wins a § 1983 action in federal court for damages or declaratory relief for the unconstitutional deprivation of good time credits thereby establishes an irrefutable claim for early or immediate release under habeas, we hold that in such a case the federal court should stay the § 1983 claim until the plaintiff has satisfied the exhaustion requirement with respect to the underlying constitutional issue.[2]

We believe it is clear that the question whether exhaustion should be required should not be determined solely by reference to the relief the plaintiff requests. *See Franklin v. Webb,* 653 F.2d at 364; *Hanson v. Heckel,* 791 F.2d 93, 96 (7th Cir.1986) (per curiam). Such a facile distinction between habeas and other claims quickly would subvert the policy announced in *Preiser.* In Offet's case, a federal ruling on the constitutional issue underlying the § 1983 claim effectively would preclude state consideration of the same issue in a subsequent state proceeding.[3] *See Preis-*

---

1. Other circuits have also had occasion to consider the potential impact of § 1983 damages and declaratory relief actions on the *Preiser* exhaustion requirement. *See, e.g., Crump v. Lane,* 807 F.2d 1394 (7th Cir.1986); *Jones v. Shankland,* 800 F.2d 77 (6th Cir.1986); *Monk v. Secretary of the Navy,* 793 F.2d 364 (D.C.Cir. 1986); *Hernandez v. Spencer,* 780 F.2d 504 (5th Cir.1986); *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675 (9th Cir.1984); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); *Parkhurst v. Wyoming,* 641 F.2d 775 (10th Cir.1981). While the reasoning of these cases varies, the circuits generally are in accord that federal courts should not tolerate the use of damages or declaratory relief actions under § 1983 as means of undercutting the exhaustion requirement in cases ultimately addressing the fact or duration of confinement.

2. We believe it is appropriate to stay rather than dismiss the § 1983 action to avoid the possibility that dismissal would allow the statute of limitations to run before the plaintiff exhausts

his state remedies with respect to his claim for early or immediate release. *See Franklin v. Webb,* 653 F.2d 362, 364 (8th Cir.1981). We note that because the exhaustion requirement does not apply to § 1983 suits brought in state court, the claimant can avoid delays occasioned by the exhaustion requirement by bringing his § 1983 action in state court.

3. Under South Dakota law, habeas corpus is not an available remedy for such a challenge to a statute providing for forfeiture of good time credits. *Tibbetts v. State,* 336 N.W.2d 658, 661 (S.D.1983); *see also* S.D. Codified Laws Ann. § 21–27–1.1. (Supp.1986). However, the South Dakota Supreme Court has observed that at least three other avenues of redress are available to claimants such as Offet. Under *Tibbetts,* Offet would be entitled to seek a writ of mandamus to compel restoration of good time credits already forfeited, or a writ of prohibition to prevent any threatened reduction in good time. *Tibbetts,* 336 N.W.2d at 661. Similarly, Offet

*er,* 411 U.S. at 511, 93 S.Ct. at 1847 (Brennan, J., dissenting). As the dissent observes, *post* at 1261, there is language in *Preiser* suggesting the availability of § 1983 damages actions, to which the exhaustion requirement would not apply, in cases such as this one. However, if the portion of the *Preiser* opinion quoted by the dissent was intended to afford state prisoners a convenient vehicle to bypass the exhaustion requirement by seeking damages for the unlawful deprivation of good time, then the Court's subsequent observations regarding the lack of any exhaustion requirement in a § 1983 suit challenging the *conditions* of confinement, rather than its fact or duration, 411 U.S. at 499 & n. 14, 93 S.Ct. at 1841 & n. 14, would not have been necessary. In other words, if the Court had already drawn the "arbitrary line" between complaints seeking damages for the loss of good time credits and those seeking the restoration of such credits, *post* at 1262, then the distinction made by the Court betweeen a challenge to conditions and a challenge to the fact or length of confinement would have been superfluous.

The distinction adopted by some other federal courts between a challenge to the "manner" of applying prison disciplinary sanctions and one challenging the "outcome" of a particular proceeding, *see, e.g., Georgevich v. Strauss,* 772 F.2d 1078, 1086–87 (3d Cir.1985) (en banc), *cert. denied,* — U.S. —, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1986), seems to us no answer to the concerns of federalism that cases such as this one raise. Here, a judgment that a disciplinary decision revoking good time credits was rendered in an unconstitutional manner ineluctably would lead to a different outcome in the disciplinary proceeding, and hence to a reduction of Offet's period of confinement. In a case such as this one, the distinction between "manner" and "outcome" becomes meaningless. Although Offet ostensibly challenges the system by which his good time cedits were deprived, a finding in his favor on the

underlying constitutional issue inevitably would lead to the restoration of those credits in a subsequent habeas proceeding against the state. The indirect effect of a successful § 1983 action by Offet thus would be to shorten the length of his sentence. From the standpoint of federal-state comity, we see no difference between the effect of a federal judgment directing release of a prisoner and one which leaves the state court no choice but to order the same.

We are unable to read *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), to the contrary without sacrificing the underlying rationale of both *Wolff* and *Preiser.* In *Wolff,* inmates at a Nebraska prison brought suit under § 1983 alleging a number of constitutional violations, including the imposition of disciplinary sanctions in proceedings that did not comply with due process. 418 U.S. at 542–43, 94 S.Ct. at 2968. The inmates sought restoration of good time credits withheld in prior disciplinary proceedings, a new disciplinary system providing for a hearing when forfeiture of good time credits was at stake, and damages for the injuries resulting from the use of the allegedly unconstitutional disciplinary system. *Id.* at 553, 94 S.Ct. at 2973.

The Court noted that the threshold issue was whether the validity of the disciplinary system could be considered in a § 1983 suit in light of *Preiser's* requirement that actions seeking restoration of good time credit be brought exclusively under writ of habeas corpus. *Id.* at 554, 94 S.Ct. at 2973. The Court first observed that *Preiser* had "expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings." *Id.* (citation omitted). The Court then held that while *Preiser* foreclosed the restoration of good time credits under § 1983, the damages claim could go forward "and required determination of the validity of the procedures employed for imposing sanc-

has access to judicial review of an adverse ruling on his claim under the provisions of South Dakota's Administrative Procedure Act. *Id.* Accordingly, Offet's argument that no adequate state remedies are available to him is without merit.

tions, including loss of good time...." *Id.* This holding arguably applies even in a case where a prisoner's damages claim would, if successful, automatically lead to the restoration of good time credits in a subsequent state proceeding.

We do not lightly dismiss *Wolff. Wolff* appears to direct federal courts to determine the appropriate remedy in cases such as this one solely by reference to the relief requested. 418 U.S. at 554, 555 n. 13, 94 S.Ct. at 2973–74, 2974 n. 13. On the other hand, to read *Wolff* as allowing a state prisoner to avoid the exhaustion requirement by artful pleading is to set *Wolff* at odds with the rationale of *Preiser*, and we do not believe that the Court intended such a result. *See Hanson v. Heckel*, 791 F.2d at 95–96 (exhaustion requirement applied to § 1983 claim on facts closely similar to those in present case).

At least three factors suggest that *Wolff* was not intended to undercut *Preiser*'s policy requiring exhaustion. First, the relief provided in *Wolff* clearly was intended to be entirely prospective in nature, and was not intended to effect the early release of the plaintiffs or even the review of the state's prior disciplinary decisions. 418 U.S. at 555, 573–74, 94 S.Ct. at 2974, 2882–83. In a decision that so carefully avoided invalidating prior state disciplinary decisions, it is unlikely that the Court would have intended to sanction the use of § 1983 judgments obtained in federal court to force state courts to restore good time credits in subsequent habeas proceedings. Respect for state autonomy would become an empty formality under such a rule.[4] Second, although the Court acknowledged the potential application of *res judicata* to such cases, *id.* at 554 n. 12, 94 S.Ct. at 2974 n. 12, the Court may have been thinking of the potential *res judicata* effect of a state habeas proceeding on a subsequent § 1983 action in federal court rather than of the

issue preclusive effect of a federal § 1983 judgment on a subsequent habeas action in state court. *See Allen v. McCurry*, 449 U.S. 90, 96–97, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980) (citing *Wolff* and holding that prior state adjudication of underlying constitutional issue could be used as collateral estoppel against same plaintiff in subsequent § 1983 action in federal court). If the Court had considered more fully the preclusive effect of a federal ruling in a § 1983 action on a subsequent state habeas proceeding, the opinion almost certainly would have addressed such a departure from the general thrust of *Preiser*. Moreover, if the Court had intended by its footnote in *Wolff* generally to approve the use of collateral estoppel in § 1983 suits, the opinion in *Allen v. McCurry* would not have been necessary to establish the proposition.

Finally, the Supreme Court recently has suggested that *Wolff* did not settle the issue, at least with respect to an attack on the validity of the conviction. In *Tower v. Glover*, 467 U.S. 914, 922, 104 S.Ct. 2820, 2825, 81 L.Ed.2d 758 (1984), the Court observed that it had "no occasion to decide if a Federal District Court should abstain from deciding a § 1983 suit for damages stemming from an unlawful conviction pending the collateral exhaustion of state-court attacks on the conviction itself." That observation would be meaningless if we are to read *Wolff* as having resolved the issue. Moreover, it seems inconceivable that *Wolff*, which was rendered during the year following *Preiser*, would establish an exception that effectively swallows the *Preiser* rule, at least without a more explicit indication of such intent. Reading *Wolff* to permit Offet's § 1983 suit to proceed in federal court without requiring exhaustion of state remedies with respect to the underlying constitutional issue common to both the § 1983 and habeas claims would result in the evisceration of *Preiser*. We do not

---

**4.** Contrary to the suggestion made by the dissent, *post* at 1262, " 'a proper respect for state functions' ... has as much relevance in areas of particular state administrative concern as it does where state judicial action is being attacked.... The strong considerations of comity that require giving a state court system that has

convicted a defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons." *Preiser*, 411 U.S. at 491–92, 93 S.Ct. at 1837–38 (quoting *Younger v. Harris*, 401 U.S. at 44, 91 S.Ct. at 750).

believe that *Wolff* intended, and we decline to adopt, such an approach.

The judgment of the District Court is affirmed insofar as it applies the exhaustion requirement to Offet's § 1983 action and reversed insofar as it dismisses that action without prejudice. We direct the District Court simply to stay the § 1983 action until Offet has exhausted his state remedies with respect to his claim for restoration of his good time credits.

ARNOLD, Circuit Judge, dissenting.

With all respect, I believe that the Court's holding that the exhaustion requirement of 28 U.S.C. § 2254, applicable to petitions for writs of habeas corpus, applies also to this action under 42 U.S.C. § 1983, is based upon a completely untenable reading of Supreme Court opinions. I therefore dissent.

Two leading cases govern this inquiry: *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Preiser*, prisoners brought suit under 42 U.S.C. § 1983 seeking an injunction to restore good-time credits that they had lost as a result of disciplinary proceedings. In each case, restoration of the credits would have resulted in the plaintiff's immediate release from confinement. The Supreme Court held the exhaustion requirement of 28 U.S.C. § 2254(b) applicable, notwithstanding the labeling of the complaint as an action under § 1983, rather than a petition for habeas corpus. In the course of its opinion, the Court specifically rebutted the suggestion that such a holding might make it impossible for prisoners challenging deprivation of good-time credits ever to recover damages in a federal forum. The complaining prisoners argued that, if they were required first to resort to the state courts in order to exhaust state remedies, "a subsequent federal civil rights action for damages ... could be barred by principles of *res judicata* where the state courts had previously made an adverse determination of [the] underlying claim, even though a federal habeas court [might] later grant[ ] ... relief on

habeas corpus." 411 U.S. at 493–94, 93 S.Ct. at 1838.

The Court responded to this argument as follows:

> The answer to this contention is that the respondents here sought no damages, but only equitable relief—restoration of their good-time credits—*and our holding today is limited to that situation.* If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, *a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies.*

*Id.* at 494, 93 S.Ct. at 1838 (citation omitted) (first and third emphases supplied).

Thus, *Preiser* laid down a clear rule: if the relief sought by a plaintiff would be the equivalent of habeas corpus relief, the exhaustion requirement normally applicable in habeas corpus cases would apply. But if the relief sought were something else—for example, an award of money damages—the exhaustion requirement would not apply.

If this is what *Preiser* means, and I see no other way to read that opinion, there is no inconsistency at all between *Preiser* and *Wolff*, either in holding or in rationale. *Wolff* is quite clear on the point:

> At the threshold is the issue whether under *Preiser v. Rodriguez*, 411 U.S. 475 [93 S.Ct. 1827, 36 L.Ed.2d 439] (1973), the validity of the procedures for depriving prisoners of good-time credits may be considered in a civil rights suit brought under 42 U.S.C. § 1983. In *Preiser*, state prisoners brought a § 1983 suit seeking an injunction to compel restoration of good-time credits. The Court held that because the state prisoners were challenging the very fact or duration of their confinement and were seek-

ing a speedier release, their sole federal remedy was by writ of habeas corpus, 411 U.S., at 500 [93 S.Ct. at 1841], with the concomitant requirement of exhausting state remedies. But the Court was careful to point out that habeas corpus is not an appropriate or available remedy for damages claims, which, if not frivolous and of sufficient substance to invoke the jurisdiction of the federal court, could be pressed under § 1983 along with suits challenging the conditions of confinement rather than the fact or length of custody. 411 U.S., at 494, 498–499 [93 S.Ct. at 1838, 1840–1841].

The complaint in this case sought restoration of good-time credits, and the Court of Appeals correctly held this relief foreclosed under *Preiser.* But the complaint also sought damages; and *Preiser* expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings. 411 U.S., at 499 n. 14 [93 S.Ct. at 1841 n. 14]. Respondent's damages claim was therefore properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct. Such a declaratory judgment as a predicate to a damages award would not be barred by *Preiser;* and because under that case only an injunction restoring good time improperly taken is foreclosed, neither would it preclude a litigant with standing from obtaining by way of ancillary relief an otherwise proper injunction enjoining the prospective enforcement of invalid prison regulations.

418 U.S. at 554–55, 94 S.Ct. at 2973–74 (footnote omitted).

In short, there is no inconsistency between *Wolff* and *Preiser.* There is no occasion for us to wonder whether the *Wolff* Court was "at odds with the rationale of *Preiser,"* ante at 1260, for the simple reason that both *Preiser* and *Wolff* state the same rule: if the relief requested is the equivalent of habeas corpus, that is, an injunction restoring good time improperly taken, exhaustion is required. If the relief requested is money damages, or a merely prospective injunction, it·is not. *Cf. Preiser,* 411 U.S. at 499 n. 14, 93 S.Ct. at 1841 n. 14.

Such a rule, it is true, draws a rather arbitrary line. When money damages are sought, as here, on the ground of the constitutional invalidity of the deprivation of good-time credits, a federal-court decision in favor of such a claim would answer, on its merits, precisely the same underlying legal question that would be presented by a petition for habeas corpus. The award of damages would necessarily imply a judgment declaring the state's deprivation of good time constitutionally invalid. To that extent, allowing the damages action to go forward does undercut the general policy of allowing the state forum to make the initial judgment on the validity of the state's action. This problem, however, was expressly noticed by the *Wolff* Court, which stated, if repetition can be forgiven, that "[s]uch a declaratory judgment as a predicate to a damages award would not be barred by *Preiser....*" 418 U.S. at 555, 94 S.Ct. at 2974. Perhaps the answer is that the policy favoring exhaustion is not the only policy operating in this area. There is also a policy, stated by Congress in § 1983, making available a federal forum for actions complaining of deprivation of federal rights under color of state law. At the margin, the two policies run into each other, and a line between them, with respect to the exhaustion requirement, must be drawn somewhere. The Supreme Court appears to have drawn this line on the basis of the relief requested in the plaintiff's complaint. In some situations, the line thus drawn may appear to be arbitrary, but I do not believe that we, as judges of a lower court, should try to re-draw it.

Accordingly, I would reverse the judgment of the District Court, which dismissed the complaint for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b). I would leave it to the District Court, on remand, to decide whether abstention under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), might be appropriate as a matter of equitable discretion. Such a decision is normally for the district courts in the first

instance. I would not lay down a rule, as this Court's opinion appears to do, that *Younger* abstention is the invariable rule in these situations.

I recognize that a majority of the Supreme Court in *Tower v. Glover*, 467 U.S. 914, 923, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984), treated it as an open question whether "a Federal District Court should abstain from deciding a § 1983 suit for damages stemming from an unlawful conviction pending the collateral exhaustion of state-court attacks on the conviction itself" (footnote omitted). This statement, which was made without citing *Wolff,* is not sufficient to convince me that the plain meaning of the opinions in *Preiser* and *Wolff* should be rewritten. In the first place, a state's interest may be somewhat stronger when a conviction, the judgment of one of its own courts, is directly attacked, than, as in the present case, where the attack is only on an administrative deprivation of good-time credits. In the second place, the issue of abstention, which *Tower* phrases in *Younger* terms, rather than in § 2254(b) terms, was not even argued in *Tower*. See *Tower*, 467 U.S. at 924, 104 S.Ct. at 1826–27 (Brennan, J., dissenting).

I believe the safer course is to abide by Supreme Court holdings as written, leaving it to that Court to change its mind if it wishes.