PER CURIAM.
John H. Jones, an Arkansas prisoner, appeals pro se from the district court’s dismissal of his 42 U.S.C. § 1983 suit. We affirm in part, reverse in part, and remand.
Jones filed suit against various Arkansas Department of Correction officials (Department), claiming the Department did not apply all his earned good-time credits toward his parole eligibility date and that he was incorrectly classified as a repeat offender for parole purposes. Jones asked the court to restore his good-time credits, to award compensatory and punitive damages, and to grant other appropriate relief. In response the Department filed a motion to dismiss.
After reviewing Jones’ complaint, the district court concluded that although *176 Jones asked for money damages, his claim was “in essence a request for habeas corpus relief.” The court thus granted the motion to dismiss because Jones had not exhausted his claim in state court. Jones now appeals.
Jones does not challenge the conditions of his confinement. Instead, he attacks the length of his confinement and seeks restoration of his good-time credits. We agree with the district court that Jones must seek such relief through a petition for writ of habeas corpus, see 28 U.S.C. § 2254, and in doing so, he must first exhaust state remedies, id. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir.1987).
Jones, however, also seeks money damages and other relief available under section 1983. Under these circumstances, as in Offet, “[w]e believe it is appropriate to stay rather than dismiss the [section] 1983 action to avoid the possibility that dismissal would allow the statute of limitations to run before the [prisoner] exhausts his state remedies with respect to his claim for early or immediate release.” Id. at 1258 n. 2.
Accordingly, we affirm the district court’s order to the extent it requires Jones to exhaust his state remedies, but reverse to the extent the order dismisses Jones’ section 1983 action. We remand to the district court with directions to stay Jones’ action until he has exhausted his state remedies regarding his claim for restoration of good-time credits.
Remanded.