James BLAIR–BEY, Appellant,

v.

Crispus C. NIX, Appellee,

Ronald Welder,

Paul Twaddle, Appellee.

John Dewey; Eugene Foehring.

No. 90–1097.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Nov. 28, 1990.

David Butler, Des Moines, Iowa, for appellant.

R. Andrew Humphrey, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,[*] Senior District Judge.

PER CURIAM.

James Blair–Bey appeals an order staying his 42 U.S.C. § 1983 (1989) claim under *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987). Blair–Bey, an inmate at the Iowa State Penitentiary serving a life sentence, was charged with violating institutional rules. He was found guilty by the Prison Disciplinary Committee and received fifteen days of disciplinary detention and one year of administrative segregation. He also lost 365 days of good time credits. The Warden and the Director of the Iowa

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

Department of Corrections denied his appeals. He filed a section 1983 action against six prison officials claiming he was denied due process when his disciplinary hearing was held eight days after the rules violation and that he had not received a copy of the incident report. He argues that his claim should not be stayed under *Offet* because he is serving a life sentence and the loss of the good time credits will have no effect on his sentence unless it is commuted by the Governor to a term of years.

In *Munz v. Nix*, 908 F.2d 267, 270 (8th Cir.1990), this court held that a stay order is appealable as a collateral order. Therefore we find that Blair–Bey could appeal the stay order. However, state remedies must be exhausted under *Offet* even when the loss of good time credit will not result in a shorter sentence unless the sentence is commuted. *Bressman v. Farrier*, 900 F.2d 1305, 1308 (8th Cir.), *petition for cert. filed*, (U.S. Aug. 28, 1990) (No. 90–5672).[1] The possibility of a commutation to a term of years is enough so that a federal court should not "deprive a state court system of the first opportunity to address the merits of the underlying constitutional issue." *Offet*, 823 F.2d at 1258. Also the Iowa state courts provide a method through which Blair–Bey may challenge the loss of his good time credits, regardless of his life sentence. Iowa Code Ann. § 663A.2(6) (West 1987). For these reasons, we affirm the order of the district court staying the proceeding until Blair–Bey has exhausted his state remedies.

---

1. Chief Judge Lay concurs in this opinion solely because the court is bound by *Offet*. He agrees, however, with Judge Arnold, who dissented in *Offet*, 823 F.2d at 1261 (Arnold, J., dissenting), and with Judge Heaney's analytical dissent in *Bressman*, 900 F.2d at 1309 (Heaney, J., dissenting), that *Offet* was wrongly decided.