**Larry GROSS, Appellant,**

v.

**E. HEIKIEN; Larry Brimeyer; Co Phillips; B. Soupene; John Sissel; Charles Lee, Appellees.**

**No. 91–1548.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1991.

Decided Feb. 20, 1992.

Philip Mears, Iowa City, Iowa, argued, for appellant.

R. Andrew Humphrey, Asst. Atty. Gen., Des Moines, Iowa, argued (Gordon Allen, Asst. Atty. Gen., on the brief), for appellees.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Our decision in *Offet v. Solem*, 823 F.2d 1256 (8th Cir.1987), required Larry Gross, an inmate at the Iowa Men's Reformatory, to exhaust his state post-conviction remedies before pursuing this § 1983 action against defendant prison officials for discipline that allegedly violated his constitu-

tional rights. After the state court held that the discipline was constitutional, the district court[1] dismissed this action as "barred in its entirety by collateral estoppel." On appeal, Gross argues that the federal habeas corpus exception to collateral estoppel should apply because *Offet*'s exhaustion requirement was based upon comity considerations unique to federal habeas jurisdiction. Concluding that this argument is contrary to controlling Supreme Court precedent as well as *Offet,* we affirm.

## I.

Defendants commenced disciplinary proceedings against Gross in February 1988 after finding a letter to his mother in which he wrote, "If they don't clear me for a transfer, there is only one way for me to get there and that's to go off on a guard." The prison disciplinary committee concluded that Gross had violated Rule 14, which prohibits an inmate from "communicat[ing] a present determination or intent to injure another person ... [when] the probable consequence of such threat ... is ... intimidation, express or implied." Gross's punishment was three days in solitary confinement, indefinite disciplinary detention, and the loss of sixteen days of good-time credit. This discipline was affirmed on administrative appeal.

In June 1988, Gross filed for post-conviction relief in state court, alleging that the discipline violated his First Amendment and Due Process rights. In March 1989, the state district court dismissed his petition, holding that the restrictions contained in Rule 14 and the inspection of Gross's mail did not violate his First Amendment rights, *see Procunier v. Martinez*, 416 U.S. 396, 413–414, 94 S.Ct. 1800, 1811–12, 40 L.Ed.2d 224 (1974), and that there was "some evidence" that Gross had violated Rule 14. *See Superintendent v. Hill*, 472 U.S. 445, 455–456, 105 S.Ct. 2768, 2773–75, 86 L.Ed.2d 356 (1985). The Iowa Court of Appeals affirmed, 460 N.W.2d 882 (1990),

and the Iowa Supreme Court denied further review.

In March 1990, while his state appeal was pending, Gross filed this § 1983 action, seeking damages and attorneys' fees for the same alleged constitutional violations. The district court initially stayed the action, as required by *Offet,* because Gross's claim for damages was an indirect attack on the duration of his confinement that must be stayed until his state remedies were exhausted. *See* 823 F.2d at 1258. After defendants prevailed in state court, they moved for summary judgment on the ground that Gross was precluded from relitigating the same constitutional claims in this action. The district court agreed and dismissed the action. This appeal followed.

## II.

■ Gross concedes, as he must, that "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 83, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984). He also concedes that, under Iowa collateral estoppel law, his § 1983 claims would be entirely barred by his unsuccessful state post-conviction proceedings. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981). In other words, he concedes that his constitutional claims were "actually litigated" in the prior state court action. Gross argues, however, that *Offet* compelled him to exhaust his § 1983 claim as if it were a habeas corpus petition, and therefore we should apply the habeas corpus principle that would allow him to relitigate his constitutional claims in federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 497, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973).

We agree with the district court that this argument is foreclosed by the Supreme Court's decision in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308

---

1. The HONORABLE DAVID R. HANSEN, formerly United States District Judge for the Northern District of Iowa, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

(1980). In *Allen*, an inmate sought § 1983 damages for an allegedly unconstitutional search and seizure that had been upheld in a state-court suppression hearing prior to his conviction. The Supreme Court held that collateral estoppel precluded relitigation of the search and seizure issue despite the fact that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), barred plaintiff from a federal habeas hearing on his Fourth Amendment claim. Gross argues that we should distinguish *Allen* because *Offet* compelled him to exhaust his state remedies when he otherwise could have pursued his § 1983 claims initially in federal court. However, this contention was squarely rejected in *Allen:*

> There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.

449 U.S. at 104, 101 S.Ct. at 420.

Rather than providing a basis for distinguishing *Allen*, we conclude that the rationale of *Offet* requires that we affirm. In *Offet*, we recognized that, under the full faith and credit statute, 28 U.S.C. § 1738, collateral estoppel must inevitably apply when state post-conviction proceedings and federal § 1983 actions raise the same issues. Giving preeminence to the policies of federal-state comity that govern federal habeas cases, we held that state post-conviction remedies must be exhausted before the § 1983 claims may be adjudicated; otherwise, a favorable federal court ruling on a prisoner's § 1983 claim could subsequently force the state to grant post-conviction relief. Implicit in *Offet* was a recognition that collateral estoppel would run in the opposite direction as well. The state litiga-tion, when completed, will collaterally estop relitigation of the same issues in the stayed § 1983 action.

Therefore, we conclude that, when an inmate has exhausted state post-conviction remedies, the state proceedings must be given collateral estoppel effect in a subsequent § 1983 damage action, even though collateral estoppel would not apply in a subsequent federal habeas corpus proceeding. This result may seem anomalous. But the anomaly is more apparent than real. As the Supreme Court explained in *Allen*, "the traditional exception to res judicata for habeas corpus review provides no analogy to § 1983 cases, since that exception finds its source in the unique purpose of habeas corpus—to release the applicant for the writ from unlawful confinement." 449 U.S. at 98 n. 12, 101 S.Ct. at 417 n. 12 (citations omitted).

In this case, Gross filed a separate federal habeas corpus petition, which was later dismissed as moot when the state expunged his disciplinary record and restored his good-time credits. Thus, Gross obtained the length-of-confinement relief he sought. This confirms that the purposes underlying the great writ are not compromised by subjecting his § 1983 damage action to the traditional principles of res judicata and collateral estoppel that govern federal civil litigation under the full faith and credit statute.[2]

For the foregoing reasons, the judgment of the district court is affirmed.

---

2. We think this case illustrates why the Seventh Circuit's criticism of *Offet* was unsound in underestimating the substantial flexibility inmates retain in pursuing federal constitutional claims. *See Viens v. Daniels,* 871 F.2d 1328, 1333 (7th Cir.1989). Gross's first priority was the length of confinement issue—restoration of his good time credits—and so he quite properly began with a state post-conviction petition and then sought federal habeas relief. On the other hand, if he had been more concerned with general prison condition issues, for example, the random opening of his mail or the constitutional reasonableness of Rule 14, he could have ignored his disciplinary punishment and filed a § 1983 action challenging those conditions. *Cf. Knight v. Lombardi,* 952 F.2d 177 (8th Cir.1991).