**Jerry L. LOWN, Appellant,**

v.

**Larry BRIMEYER, John Sissel, Charles Lee, Appellees.**

No. 91–1257.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1991.

Decided Feb. 7, 1992.

Rehearing Denied March 19, 1992.

Philip Mears, Iowa City, Iowa, argued, for appellant.

Kristin Wright Ensign, Des Moines, Iowa, argued, for appellees.

Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

In *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987), we held that a state inmate with a § 1983 claim for the unconstitutional dep-

rivation of good time credits must exhaust his state remedies. We suggested that the federal suit should be filed and stayed to avoid statute of limitations problems. In this case, ignoring that advice, Jerry L. Lown waited until he had successfully completed his exhaustion proceedings in state court before filing his § 1983 suit against Iowa prison officials. The district court[1] dismissed his suit as time-barred, and Lown appeals. Not surprisingly, we affirm.

In February 1988, when Lown was an inmate in the Iowa prison system, prison officials disciplined him after finding an unopened letter containing sexual propositions from another inmate in his cell. Lown's administrative appeals were unsuccessful, and his punishment became final on March 24, 1988. He then sought review of this discipline in state court under Iowa's post-conviction relief statute. *See* Iowa Code Ch. 663A. The state district court ruled in his favor on March 26, 1990.

Lown filed this § 1983 damage action in June 1990 against Larry Brimeyer, chairman of the Adjustment Committee that imposed the discipline, and John Sissel and Charles Lee, the Acting Warden and Acting Deputy Director who affirmed the discipline on appeal. Lown alleged that defendants' actions deprived him of due process. On the state's motion, the district court dismissed the complaint as time-barred under the two year statute of limitations that governs § 1983 suits in Iowa. *See Wycoff v. Menke,* 773 F.2d 983, 984 (8th Cir.1985), *cert. denied,* 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986).

■ On appeal, Lown argues that the § 1983 statute of limitations should be tolled while a prisoner exhausts his state remedies as required by *Offet.* First, he argues that, because of *Offet,* his § 1983 claim is governed by the provision in Iowa law[2] that allows tolling "[w]hen the commencement of an action shall be stayed by injunction or statutory prohibition." Iowa

Code § 614.13. Alternatively, Lown argues that, as a matter of federal law under *Offet,* the limitations period was equitably tolled, or did not begin to run, while he was exhausting his state remedies. We reject both contentions.

■ Lown's state law argument is contrary to the plain meaning of Iowa Code § 614.13, and Lown cites no Iowa case to support his position. *Offet* did not affect Lown's right to *commence* a § 1983 action in federal court before he exhausted his state remedies. Rather, as we expressly noted in *Offet,* if he had sued immediately after being disciplined, his federal action would have been stayed, rather than dismissed, "to avoid the possibility that dismissal would allow the statute of limitations to run before the plaintiff exhausts his state remedies." 823 F.2d at 1258 n. 2. As the district court noted, if we had held in *Offet* that the inmate must exhaust state remedies before *commencing* a § 1983 suit, we would have dismissed, rather than stayed, Offet's claim.

Moreover, in construing § 614.13, a provision of state law, it is important to recall that § 1983 actions may also be brought in state court. *Offet* is based upon comity considerations and therefore does not apply to § 1983 claims in state court. Thus, the real question under state law is whether Lown's § 1983 state court action was "stayed by injunction or statutory prohibition" for purposes of § 614.13. Lown does not argue that Iowa law prevented him from joining his § 1983 claim in his Ch. 663A post-conviction proceeding, or commencing a separate but parallel § 1983 damage suit in state court. In the absence of proof that these procedures were unavailable, the district court was clearly correct in ruling that Lown's § 1983 claim was not tolled under § 614.13.

■ Turning to Lown's federal law contentions, he first argues that principles of

---

1. The HONORABLE DAVID R. HANSEN, formerly United States District Judge for the Northern District of Iowa, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

2. The state statute of limitations and tolling rules generally govern § 1983 suits in federal court. *See Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

equitable tolling require that the § 1983 statute of limitations be tolled when an inmate must exhaust state remedies under *Offet.* "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991). *Offet* did not require Lown to exhaust his state remedies before he *filed* his § 1983 claim. It simply provided that a timely § 1983 suit filed in federal court would have been stayed until his Ch. 663A proceeding in state court was concluded. Thus, Lown retained full control over when his § 1983 claim would be filed, and his equitable tolling argument is without merit.

 Likewise, we find no merit in Lown's argument that his § 1983 cause of action did not accrue until the conclusion of his state court action. Lown argues that his cause of action did not accrue until it could be "maintained and pursued" free of the *Offet* stay, citing (or rather, mis-citing) *Crown Coat Front Co. v. United States,* 386 U.S. 503, 510–11, 87 S.Ct. 1177, 1181, 18 L.Ed.2d 256 (1967). *Crown Coat Front* held that a claim based upon review of an administrative agency's decision does not accrue until the agency action is final. Applying that principle here, the prison discipline was the agency action, and Lown's claim accrued in March 1988, when that discipline became administratively final.

For the above reasons, we conclude that Lown's arguments for tolling the statute of limitations are without merit. We also reject his assertion that considerations of public policy and judicial efficiency would be served by tolling because it would keep state inmates from inadvertently losing their § 1983 claims and would avoid cluttering federal dockets with stayed § 1983 damage suits. This assertion assumes that federal court is the only appropriate venue for state inmate § 1983 suits, despite Congress's decision to provide for concurrent state court and federal court jurisdiction. When a state inmate has a § 1983 claim that requires exhaustion of state remedies

under *Offet*, the surest way to preserve that claim, and the most efficient use of judicial resources, is to join the § 1983 claim in the state court exhaustion proceeding. The inmate may choose to bring his § 1983 claim in federal court, but we see no reason to encourage him to do so by creating, through tolling, a longer statute of limitations for his claim in federal court than would apply in state court. We think it preferable to hold the federal action time-barred unless plaintiff takes one of the protective actions that we described in *Offet,* 823 F.2d at 1258 n. 2.

For the above reasons, the judgment of the district court is affirmed.