968 F.2d 763
 Larry VAN PELT, Sr., Appellant,
v.
Elmer ST. CLAIR, Chief Deputy, Cross County Sheriff's
Department; Parkin Police Department; Bobby Jordan, Police
Officer, Parkin Arkansas; Cross County Sheriff's
Department; Charles Walker, Cross County Sheriff's
Department; David Parkman, Sheriff; Delbert Padgett,
Deputy Sheriff; Larry Hillis, Deputy Sheriff, St. Francis
County; Anthony Denwiddie, Parkin, Arkansas, Appellees.
 No. 92-1705.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 29, 1992.
Decided July 9, 1992.
 
 Larry Van Pelt, Sr., pro se.
 David H. White, Hot Springs, Ark., argued, for appellees.
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry Van Pelt, Sr., an Arkansas inmate, appeals from the dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Van Pelt was arrested for the murder of a convenience store employee in Parkin, Arkansas. When he was brought into the Parkin police station by the arresting officers, he was punched in the face by Anthony Denwiddie--boyfriend of the victim and witness to the crime--who was there to give his statement. As a result of this incident, Van Pelt filed this section 1983 complaint against Denwiddie, the Parkin Police Department, the Cross County Sheriff's Department, and six law enforcement officers, for failure to protect and denial of medical attention. The claims against Denwiddie, a Parkin police officer, and the Cross County Sheriff's Department and two of its officers were dismissed. Van Pelt then filed a motion for a stay under Offet v. Solem, 823 F.2d 1256 (8th Cir.1987), which was denied. When the case was called for trial Van Pelt was not prepared to proceed and renewed his request for a stay. The court did not grant a stay, but dismissed the remaining claims without prejudice as a voluntary non-suit.
 
 
 3
 The district court[1] properly dismissed the claim against Denwiddie as frivolous under 28 U.S.C. § 1915(d) because there was no assertion Denwiddie was a state actor. See Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S.Ct. 1827, 1831, 1832, 104 L.Ed.2d 338 (1989) (dismissal appropriate if claim based on "indisputably meritless legal theory"). The magistrate judge[2] also properly granted summary judgment on the motions of the Cross County Sheriff's Department, its two officers, and the Parkin police officer. Van Pelt did not contest the sworn statements of two officers that they were not present when Denwiddie struck Van Pelt or the sworn statement of the third officer that he tried to keep Denwiddie away from Van Pelt. Likewise, Van Pelt did not contest the assertions of these defendants that they did not deny Van Pelt medical attention. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir.1990) (summary judgment appropriate if no genuine issue of material fact and movant entitled to judgment as a matter of law).
 
 
 4
 When the matter was called for trial the court ordered a voluntary non-suit on the remaining claims. On appeal, Van Pelt asserts that the court should have stayed the matter under Offet, and that he did not seek a dismissal. Van Pelt's claims, if successful, would not have established an irrefutable habeas corpus claim for early or immediate release; therefore, the magistrate judge properly denied the request for a stay. See Offet, 823 F.2d at 1258. We cannot ascertain from the record whether Van Pelt asked for or agreed to the voluntary dismissal. Under the circumstances, however, the trial judge did not abuse his discretion by dismissing the complaint without prejudice when the plaintiff twice announced he was not ready or willing to proceed with trial when the case was called for trial.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, who entered judgment with the consent of the parties under 28 U.S.C. § 636(c)