972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard Lamont HOLLAND, Appellant,
v.
DAVENPORT, IOWA, POLICE DEPARTMENT; Officer Knaack, Appellees.
 No. 92-1324.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 23, 1992.
Filed: August 10, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Lamont Holland, an Iowa inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint as barred by the statute of limitations. We affirm.
 
 
 2
 Holland sought damages for the twenty-three months he was incarcerated on a conviction that was later overturned because the evidence supporting it was obtained during an illegal search. See State v. Holland, No. 87-1763 (Iowa Ct. App. Jan. 26, 1989) (unpublished). Holland filed his complaint in May 1991, less than two years after the state ultimately dismissed the case, but almost four years after the illegal search in August 1987. The parties agreed that the matter is controlled by a two-year statute of limitations, see Wycoff v. Menke, 773 F.2d 983 (8th Cir. 1985), cert. denied, 475 U.S. 1028 (1986), but disagreed as to when the cause of action accrued and whether the statute of limitations was tolled. Holland reasserts his tolling arguments on appeal.
 
 
 3
 After careful consideration, we conclude the district court properly dismissed the complaint. The claim accrued at the time of the search, not when the criminal case was dismissed. See Johnson v. Johnson County Comm'n Bd, 925 F.2d 1299, 1301 (10th Cir. 1991) (criminal defendant's claim arising from act of police, such as search and seizure, accrues at time act occurs). Iowa Code § 614.13 (1991) did not toll the statute of limitations because it provides a basis for tolling only when a statutory or injunctive stay is imposed, and neither of these was imposed here. Holland's reference to Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987), is misplaced because, in contrast to Holland's situation, Offet involved a state inmate with a section 1983 claim for unconstitutional deprivation of good time credits and available, unexhausted state remedies.
 
 
 4
 Judgment affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa