60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 James MANLEY, Appellant,
v.
John ASHCROFT; William Webster; Dick D. Moore; George
Lombardi; Myrna Trickey; Randie Kaiser; Cranston Mitchell;
Jennifer Sachse; Cameron Daniels; Paul Caspari; Geanie
Schneider, [ ] Appellees.
 No. 92-1969
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1995
Filed: July 5, 1995
 
 Before BEAM, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 James Manley, a Missouri inmate, appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action and denial of his motion for appointment of counsel. In his complaint, Manley asserted that application to him of a 1990 amendment to a Missouri statute-requiring convicted sex offenders to complete a treatment program before to being eligible for early release-violated the Ex Post Facto Clause of the Constitution. See Mo. Rev. Stat. Sec. 589.040.2 (Supp. 1994). Since the district court's ruling, we have held that inmates cannot maintain a section 1983 challenge to the application of the 1990 amendment unless their convictions or sentences are reversed, expunged, or called into question because if they prevailed, "the result would necessarily imply the invalidity of [their] continued confinement." See Schafer v. Moore, No. 92-3555, slip op. at 3 (8th Cir. Jan. 27, 1995) (per curiam); see also Heck v. Humphrey, 114 S. Ct. 2364, 2372-73 (1994). Although Manley alleges he is not challenging the duration of his confinement, his complaint seeks damages for being kept in prison beyond the time he claims he would have been released, but for the treatment program requirement. Because a successful outcome would necessarily imply the invalidity of his confinement, the complaint was properly dismissed. See Schafer, slip op. at 3. Although we affirm the district court's order, we modify the dismissal to be without prejudice should Manley succeed in challenging the legality of his confinement through appropriate state or federal remedies. See id.; see also Preiser v. Rodriguez, 411 U.S. 475, 489-90, 499-500 (1973) (inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for writ of habeas corpus under 28 U.S.C. Sec. 2254); Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987) (Sec. 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement and seeking restoration of good time credits).
 
 
 2
 Having carefully reviewed the record and the parties' briefs, we cannot conclude the district court abused its discretion in not granting Manley's motion for appointment of counsel. See Phelps v. United States Fed. Gov't, 15 F.3d 735, 737 (8th Cir.) (no abuse of discretion in denying motion for counsel where plaintiff demonstrated sufficient ability to present claims), cert. denied, 114 S. Ct. 2118 (1994).
 
 
 3
 Accordingly, in light of the foregoing, we affirm but modify the judgment to a dismissal without prejudice.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior United States District Judge for the Eastern District of Missouri