60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Karl SUTER, Appellant,
v.
Dick MOORE; Gail Hughes; George Lombardi; Myrna Trickey;
Dale Riley; Randee Kaiser; Cranston Mitchell; Paul D.
Caspari; Janet Schneider; Ted Fertig; Barry Dolan; Jeanie
[ ] Schneider/Theis; Cameron Daniels; Robert Steele;
Unknown Nash, Mr.; Betty Day, Appellees.
 No. 94-1711
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1995
Filed: July 5, 1995
 
 Before BEAM, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Karl Suter, a Missouri inmate, appeals the district court's[1] dismissal of his complaint for failure to state a claim under 42 U.S.C. Sec. 1983 and denial of his motion to amend and for appointment of counsel. In his complaint, Suter asserted that application to him of a 1990 amendment to a Missouri statute-requiring convicted sex offenders to complete a treatment program prior to being eligible for early release-violated the Ex Post Facto Clause of the Constitution. See Mo. Rev. Stat. Sec. 589.040.2 (Supp. 1994). Since the district court's ruling, we have held that inmates cannot maintain a section 1983 challenge to the application of the 1990 amendment unless their convictions or sentences are reversed, expunged, or called into question because if they prevailed, "the result would necessarily imply the invalidity of [their] continued confinement." See Schafer v. Moore, No. 92-3555, slip op. at 3 (8th Cir. Jan. 27, 1995) (per curiam); see also Heck v. Humphrey, 114 S. Ct. 2364, 2372-73 (1994). Because the plain language of the complaint demonstrates Suter is challenging the duration of his confinement, the complaint was properly dismissed for failure to state a claim. See Schafer, slip op. at 3. Although we affirm the district court's order, we modify the dismissal to be without prejudice should Suter succeed in challenging the legality of his continued confinement through appropriate state or federal remedies. See id.; see also Preiser v. Rodriguez, 411 U.S. 475, 489-90, 499-500 (1973) (inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for writ of habeas corpus under 28 U.S.C. Sec. 2254); Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987) (Sec. 2254, which requires exhaustion of state remedies, appropriate vehicle for state prisoners challenging length of confinement and seeking restoration of good time credits).
 
 
 2
 Having carefully reviewed the record and the parties' briefs, we cannot conclude the district court abused its discretion in denying Suter's motions to amend the complaint and for appointment of counsel. See Fuller v. Secretary of Defense, 30 F.3d 86, 89 (8th Cir.) (motion to amend properly denied where complaint added new defendants and substantially different claims), cert. denied, 115 S. Ct. 583 (1994); Phelps v. United States Fed. Gov't, 15 F.3d 735, 737 (8th Cir.) (no abuse of discretion in denying motion for counsel where plaintiff demonstrated sufficient ability to present claims), cert. denied, 114 S. Ct. 2118 (1994).
 
 
 3
 Accordingly, in light of the foregoing, we affirm but modify the judgment to a dismissal without prejudice.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri