68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
William COOPER, Appellant,
v.
MISSOURI PAROLE BOARD; Dick D. Moore; Cranston J.
Mitchell; Dora B. Schriro; Victoria C. Myers; Betty J.
Day; Anthony G. Spillers; Robert K. Newsom; Paul D.
Herman; Kathy Faddis; Charles Hargrave; Bob Rivers; Judy
Draper; John Doe; Jane Doe, Appellees.
 No. 94-4015.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 13, 1995.
Filed Oct. 19, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Cooper, a Missouri inmate, appeals from the district court's order staying his 42 U.S.C. Sec. 1983 action pending exhaustion of state remedies. We reverse the district court's stay, and remand for further proceedings.
 
 
 2
 Cooper filed this section 1983 action against the Missouri Parole Board, parole board members, parole officers, and Missouri Department of Corrections officials. He alleged that certain defendants had prepared a pre-sentence investigation report which contained false and prejudicial information regarding Cooper's criminal history, that the Missouri Parole Board has continuously used this false information to deny him parole, and that he asked certain defendants to remove this false information from his parole files, but they refused to do so. He further alleged defendants failed to timely inform him of their parole decisions; refused to allow him access to his parole files; arbitrarily, capriciously, and improperly applied Missouri law to deny him parole; and refused to inform him of the requirements necessary to obtain parole release. Cooper also argued that, in making parole decisions concerning him, defendants were improperly applying Mo.Rev.Stat. Sec. 217.690.1 (1982), instead of Mo. Rev. Stat Sec. 549.261 (1978), in violation of the Due Process and Ex Post Facto Clauses of the Constitution. Cooper sought removal of all adverse information from his parole records, a parole hearing in accordance with the parole laws in effect at the time of his offense, and monetary damages.
 
 
 3
 Concluding that a favorable decision on Cooper's section 1983 claims could result in an irrefutable claim for early release, the district court ordered Cooper's action stayed pursuant to Offet v. Solem, 823 F.2d 1256 (8th Cir.1987), pending exhaustion of state judicial remedies. The court dismissed the damages claim against the parole board and its members as frivolous, and ordered Cooper to pay a partial filing fee of $2.00.
 
 
 4
 Cooper argues, as he did below, that he is not challenging the legality of his sentence or seeking immediate release, but is seeking declaratory relief to have the parole board's practices and procedures declared unconstitutional, and injunctive relief to enjoin the board from using such procedures. As to Cooper's claim that application of the current Missouri parole statute violates the Due Process and Ex Post Facto Clauses, we cannot agree with Cooper's characterization. See Offet, 823 F.2d at 1258 (in determining whether favorable decision in Sec. 1983 action would establish "irrefutable" habeas claim, court not bound by plaintiff's characterization of claim). Cooper's claim that the parole board is applying the wrong law to deny him parole is an attack on the duration of his confinement. As such, a favorable decision would necessarily imply the invalidity of his continued confinement; thus his section 1983 claim is foreclosed until he has demonstrated such invalidity through an appropriate avenue. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam).
 
 
 5
 Cooper's claim for correction of inaccurate and prejudicial information in his parole file, however, may not implicate the validity of his continued confinement. Cf. Otey v. Hopkins, 5 F.3d 1125, 1131 (8th Cir.1993) (prisoner's claim challenging only process by which state board reached clemency decision cognizable in Sec. 1983 action, not habeas action), cert. denied, 114 S.Ct. 2768 (1994). It does not appear that correction of the allegedly inaccurate information would necessarily lead to Cooper's earlier release, but would simply allow the parole board to make its parole decision based on accurate information.
 
 
 6
 Accordingly, we reverse the district court's stay and remand with instructions to dismiss without prejudice Cooper's ex post facto claim, based on Heck, and to assess Cooper's due process claim to determine whether, on this record, a favorable decision would necessarily imply the invalidity of his continued confinement. We affirm the district court's dismissal of the damages claim against members of the parole board. See Patterson v. Von Riesen, 999 F.2d 1235, 1238-39 (8th Cir.1993). We do not believe the district court abused its discretion in ordering Cooper to pay a $2.00 partial filing fee.