_____

No. 95-1667
_____

Lowell Cochrell,                        *
                                        *
          Appellant,                    *
                                        *
     v.                                 *  Appeal from the United States
                                        *  District Court for the
James Purkett, Superintendent;          *  Eastern District of Missouri.
Cranston Mitchell, Chairman,            *        [UNPUBLISHED]
                                        *
          Appellee.                     *

_____

          Submitted:  February 13, 1996

          Filed:  February 23, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Missouri inmate Lowell Cochrell appeals from an adverse grant
of summary judgment entered by the district court in his 42 U.S.C.
§ 1983 action.  For the following reasons, we vacate the grant of
summary judgment and remand with instructions to dismiss without
prejudice.


     In his amended complaint, Cochrell, an African-American,
alleged defendants unconstitutionally denied him parole on the
basis of race.  Cochrell asked the court to declare "the wrongs
herein" unconstitutional and to "enjoin [defendants'] illegal and
unconstitutional practices"; he did not request damages.


     The district court granted defendant Purkett's motion to
dismiss.  Defendant Mitchell moved for summary judgment.  After

finding that the relief Cochrell sought was not cognizable in a section 1983 action, the district court granted Mitchell summary judgment. Cochrell timely appealed.

We agree with the district court that the essence of Cochrell's claim was that his parole has been unconstitutionally delayed, and that he was attacking the duration of his confinement and seeking an immediate or speedier release. The district court erred, however, by granting summary judgment. Because Cochrell's claim was cognizable only in a habeas corpus action, dismissal without prejudice to bringing a habeas petition after exhausting his state remedies was the proper course. See Preiser v. Rodriquez, 411 U.S. 475, 489-90, 499-500 (1973) (state prisoners attacking fact or length of confinement and seeking release from confinement should do so in habeas petition, not § 1983 action; inmate must exhaust state remedies before petitioning for writ of habeas corpus under 28 U.S.C. § 2254); Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987). Accordingly, we vacate the district court's grant of summary judgment and remand with instructions to enter an order dismissing Cochrell's complaint without prejudice.

Because Cochrell did not appeal from the district court's order granting Purkett's motion to dismiss, Purkett is not a proper party to this appeal.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.