998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ardell RUETHER, Appellant,
v.
Don ALLEN, Det. Captain; Tom Yoder, Det.; W. W.
Blankenship, Det., Appellees.
 No. 92-3523.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 9, 1993.
Filed: July 21, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ardell Ruether, a Missouri inmate, appeals from the district court's[1] order granting summary judgment in favor of defendants in his 42 U.S. C. § 1983 action. We review de novo a grant of summary judgment and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We affirm, but for a reason different from the district court's analysis.
 
 
 2
 The doctrine of collateral estoppel bars Ruether's claims that defendants coerced his confession and denied his request for counsel during the interrogation. These issues were actually litigated in Ruether's state postconviction proceedings as a result of the stay imposed under Offet v. Solem, 823 F.2d 1256 (8th Cir. 1987), and thus, the Missouri courts' rejections of these claims on the merits are entitled to the same preclusive effect in a federal section 1983 action as they would be afforded by a Missouri court. See Gross v. Heikien, 957 F.2d 531, 533 (8th Cir.), cert. denied, 113 S. Ct. 233 (1992). Under Missouri law, Ruether's unsuccessful state postconviction proceeding would bar Ruether's section 1983 claims. See Peoples Home Life Ins. Co. v. Hoake, 604 S.W.2d 1, 8 (Mo. Ct. App. 1980).
 
 
 3
 We decline to address the claims Ruether alleges for the first time on appeal as he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri